Donald G. Baddock v. Commissioner.
Baddock v. Commissioner
Docket No. 4889-65.
United States Tax Court
T.C. Memo 1968-55; 1968 Tax Ct. Memo LEXIS 244; 27 T.C.M. (CCH) 289; T.C.M. (RIA) 68055; April 2, 1968. Filed Donald G. Baddock, pro se, Summerplace, Church Rd., Saughall, Chester, England. Charles M. Costenbader, *245 for the respondent. FEATHERSTON
Memorandum Findings of Fact and Opinion FEATHERSTON, Judge: Respondent has determined a deficiency in petitioner's Federal income tax for 1963 in the amount of $175.57. The issues presented for decision are: (1) Whether petitioner was entitled to file a joint return and claim the standard deduction; and (2) whether petitioner was exempt from taxation under the provisions of the United States-United Kingdom Income Tax Convention. The petitioner and his wife, Beryl Baddock, reside at "Summerplace," Church Road, Saughall, Chester, England. They filed a timely joint income tax return for the taxable year 1963 with the district director of internal revenue, Manhattan, New York. From birth petitioner has been and is now a citizen of the United Kingdom. From birth the petitioner's wife has been and is now a citizen of the United Kingdom. Petitioner and his then fiancee, Beryl Davies, entered the United States on October 31, 1962. After two weeks, Beryl Davies returned to England. Petitioner remained in New York until December 21, 1962, when he returned to England to marry Beryl Davies. On January 17, 1963, petitioner and his wife arrived *246 back in New York City. Petitioner entered the United States under a "Treaty Trader" visa issued pursuant to section 101 (a) (15) (E) (i) of the Immigration and Nationality Act (8 U.S.C. 1101(a)(15)(E)(i) (1964)). Prior to his entry in the United States the petitioner was employed by Taylor Woodrow Construction, Ltd., a United Kingdom corporation. Petitioner entered the United States to be permanently employed by Taylor Woodrow Blitman, Inc., a corporation organized under the laws of the State of New York. All of the outstanding stock of Taylor Woodrow Blitman, Inc. is owned by the Blitman Construction Corporation, a corporation organized under the laws of the State of New York. Fifty-one percent of the outstanding stock of the Blitman Construction is owned by individuals who are citizens and residents of the United States. The remaining 49 percent of the outstanding stock of Blitman Construction Corporation is owned by Taylor Woodrow, Ltd., a United Kingdom corporation which also owns all of the outstanding stock of Taylor Woodrow Construction, Ltd. Taylor Woodrow Blitman, Inc. and Blitman Construction Corporation are both engaged in the construction business *247 within the United States and these corporations filed United States corporate income tax returns and paid United States income taxes for the years 1962 and 1963. Taylor Woodrow Bltiman, Inc. and Blitman Construction Corporation were not liable for and did not pay any income or other taxes to the United Kingdom during the years 1962 and 1963. The petitioner was employed by Taylor Woodrow Blitman, Inc. in the United States from November 1, 1962 to July 11, 1963 to perform services in connection with its construction contracts. There was no employment relationship between the petitioner and Taylor Woodrow Construction, Ltd. during the period that the petitioner was present in the United States and Taylor Woodrow Construction, Ltd. did not pay any direct or indirect compensation to the petitioner when he was present in the United States. His salary was paid by Taylor Woodrow Blitman, Inc., the New York corporation. On July 11, 1963, the petitioner and his wife departed from the United States and returned to England. Their departure was due to the petitioner's reassignment by the United Kingdom corporation to England. In 1963, the taxable year in question, petitioner and his wife, also *248 a citizen of the United Kingdom, were present in the United States from January 17 through July 11, a period of 176 days. At that time petitioner returned to England to work for Taylor Woodrow Construction, Ltd. For the taxable year 1963, petitioner filed a joint Federal income tax return and claimed the standard deduction. Respondent determined that petitioner was not entitled to file a joint return or claim the standard deduction because petitioner was a nonresiden alien for at least part of the taxable year. [1] 291 This case was originally submitted to the Court under Rule 30 with an accompanying stipulation of facts on July 25, 1967. At that time the parties by a joint motion stated that "the ultimate issue to be determined is whether the petitioner is entitled to file a joint return and claim the standard deduction for the taxable year 1963." However, upon consideration of the stipulated facts it appeared that the United States-United Kingdom Income *249 Tax Convention, April 16, 1945, 60 Stat. 1377 (1946), T.I.A.S. No. 1546, had not been taken into account. In order for the Court to reach a proper decision under the proper law we requested the parties to inform the Court of the effect of the Convention on petitioner's liability. The parties then filed a supplemental stipulation of facts. Assuming, without deciding, that petitioner acquired the status of a "resident alien" while he was in the United States, it is clear that he forfeited this status when he left the United States on July 11, 1963, with no intention to return. Section 1.871-5, Income Tax Regs. See Josette J.F. Verrier Friedman, 37 T.C. 539, 552 553 (1961). Since section 6013(a)(1), [2] I.R.C. 1954, provides that "no joint return shall be made if either the husband or the wife at any time during the taxable year is a nonresident alien," we must sustain respondent's contention on this point. *250 Similarly, section 142(b)(1), [3] I.R.C. 1954, provides that the standard deduction shall not be used in computing the taxable income of a "nonresident alien individual." Respondent has ruled that this exception applies to a taxpayer if a nonresident alien at any time during the taxable year. Rev. Rul. 6460, 1964-1 C.B. (Part 1) 84. In the case of a taxpayer who, during the taxable year, changes his status from that of a resident alien to a nonresident alien, the Federal income tax for the period during which the taxpayer was a nonresident alien must be computed pursuant to the provisions of the Code relating to such individuals. See sec. 872, I.R.C. 1954. On the other hand, the tax with respect to income for the period during which the taxpayer was a resident alien must be computed pursuant to the provisions relating to residents. See sec. 61, I.R.C. 1954. *251 The standard deduction provisions of the Code were first enacted as section 9 of the Individual Income Tax Act of 1944, 58 Stat. 231, 236, and the legislative history of that section shows that Congress intended to except from the provisions of the section those taxpayers whose income was determined by some standard other than the general gross income provisions of the 1939 Code. See H. Rept. No. 1365, 78th Cong., 2d Sess. (1944), p. 25. Since a taxpayer who is a nonresident alien for any part of a taxable year computes his gross income under section 872 rather than section 61 of the 1954 Code, we think it clear that the legislative intent is that the standard deduction provision should not apply to him. Compare I.T. 3926, 1948-2 C.B. 48. Thus, we conclude that Rev. Rul. 64-60, supra, is a proper construction of section 142, and that respondent was correct in his determination that petitioner was not entitled to the standard deduction regardless of whether he was a resident or a nonresident alien while in the United States. Section 894(a), I.R.C. 1954, provides that "[income] of any kind, to the extent required by any treaty *252 obligation of the United States, shall not be included in gross income and shall be exempt from taxation under this subtitle." Such a treaty has existed between the United States and the United Kingdom since 1945. Upon review of the original stipulation we were concerned that Article XI(1) of that Treaty might be applicable. Article XI(1) provides as follows: An individual who is a resident of the United Kingdom shall be exempt from United States tax upon compensation for personal (including professional) services performed during the taxable year within the United States if (a) he is present within the United States for a period or periods not exceeding in the aggregate 183 days during such taxable year, and (b) such services are performed for or on behalf of a person resident in the United Kingdom. 292 However, the parties have filed a supplemental stipulation with the Court which provides: 1. Prior to his entry in the United States the petitioner was employed by Taylor Woodrow Construction Ltd., a United Kingdom corporation. The petitioner entered the United States to be permanently employed by Taylor Woodrow Blitman, Inc., a corporation organized under the laws of the *253 State of New York, as an estimator in said corporation's construction business. * * * 5. The petitioner was employed by Taylor Woodrow Blitman, Inc. in the United States from November, 1962 to July 11, 1963 to perform services in connection with its construction contracts. There was no employment relationship between the petitioner and Taylor Woodrow Construction Ltd. during the period that the petitioner was present in the United States and Taylor Woodrow Construtcion Ltd. did not pay any direct or indirect compensation to the petitioner when he was present in the United States. We must conclude, therefore, that the Treaty is inapplicable to petitioner, and that he was subject to United States tax. Decision will be entered under Rule 50. Footnotes
1. It is stipulated that if petitioner is subject to United States taxes and is not entitled to claim the standard deduction he is entitled to a deduction for interest piad in the taxable year 1963 in the amount of $37.62.↩
2. SEC. 6013. JOINT RETURNS OF INCOME TAX BY HUSBAND AND WIFE. (a) Joint Returns. - A husband and wife may make a single return jointly of income taxes under subtitle A, even though one of the spouses has neither gross income nor deductions, except as provided below: (1) no joint return shall be made if either the husband or wife at any time during the taxable year is a nonresident alien; * * *↩
3. SEC. 142. INDIVIDUALS NOT ELIGIBLE FOR STANDARD DEDUCTION. * * * (b) Certain Other Taxpayers Ineligible. - The standard deduction shall not be allowed in computing the taxable income of - (1) a nonresident alien individual; * * *↩